■ In the Matter of the Dissolution of KLINER REALTY CORP. HARRY KLEIN et al., Appellants; JOSEPH NERENBERG et al., Respondents.—Order, Supreme Court, Bronx County, entered March 28, 1975, confirming the report of the special referee, granting the petition for dissolution and appointing a receiver, unanimously affirmed. Respondents shall recover of appellants $60 costs and disbursements of this appeal. The documentary and testimonial evidence clearly substantiates the fact that both Klein and Nerenberg were shareholders of the corporation. It is equally clear that their differences are irreconcilable and that dissolution of the corporation is in the best interests of all concerned. Concur—Stevens, P. J., Murphy, Tilzer, Lane and Nunez, JJ.

■ MACROSE REALTY CORP. et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, Bronx County, entered December 20, 1974, dismissing defendant's second and third affirmative defenses, unanimously reversed, on the law, and said defenses reinstated. Appellants shall recover of respondents $60 costs and disbursements of this appeal. Plaintiffs owned eight four-story apartment buildings which were constructed in 1926. They were demolished in 1968, as unsafe, pursuant to proceedings instituted by the city. The instant negligence action was contemporaneously instituted, predicated on the claim that the water table under said buildings was improperly disturbed in 1939, when defendants constructed Taft High School across the street, causing the foundations to settle and crack. The stricken defenses pleaded a failure to timely (a) serve a notice of claim and (b) commence the action. Special Term characterized the claim as one involving "An encroachment upon the property of another [which] constitutes a continuous trespass giving rise to successive causes of action"; and that it was, therefore, not time-barred. We disagree. The case at bar does not involve an encroachment or a continuous nuisance. Damage, if any, was inflicted in 1939 when defendants allegedly undermined the foundations of the buildings in issue; and a cause of action then accrued notwithstanding the fact that consequential damages flowed later. (Schmidt v Merchants Desp. Transp. Co., 270 NY 287; Steinberg v John Rosenblum, Inc., 205 Misc 760, affd 284 App Div 871.) Finally, while it may be true that the Statute of Limitations will not begin to run until the act complained of produces resultant consequences (cf. Rector of Trinity Church v City of New York, 134 Misc 29), there are indications in the record before us that unsafe orders were issued in 1939 and in 1960, evidencing the occurrence of visible structural damage long before these buildings were demolished. Concur— Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.