OPINION OF THE COURT
Richard W. Wallach, J.
This is a motion by defendant for an order dismissing that portion of the action as time barred which seeks money damages for nuisance. The basic issue here involves application of the Statute of Limitations to a claim arising from radioactive contamination of land and improvements.
For determination of this motion plaintiff may be considered as the owner of real property and defendant as the immediate prior owner. An ore processing plant for the production of nuclear grade zirconium metals was operated on the property during defendant’s ownership. Defendant stored the radioactive residues resulting from the operation in drums, or buried the waste in a waste dump located on the property. These storage and disposal techniques caused the property to become contaminated with radiation. Thereafter plaintiff became legally obligated to decontaminate or clean up the property. The action seeks to recover the clean-up costs incurred, plaintiff contending that the storage and disposal techniques used by defendant violated a legal duty owed not only to plaintiff but also to the public, either absolute or measured by a standard of *815 reasonable care, not to cause the property to become contaminated with radiation.
The storage and disposal techniques complained of were in effect from 1961 to 1964; defendant sold the property in 1965; the contamination was discovered in 1978; plaintiff acknowledged legal responsibility for cleaning up the property some time prior to 1980; “radioactive contamination stabilization” was completed in late 1982; and suit was commenced in 1983.
Defendant urges dismissal of the action because not commenced within three years from the date in 1965 when defendant sold the property and thereafter could not possibly have had any connection with whatever activity it was that caused the contamination. In opposition, plaintiff argues that the three-year period should be measured from 1982, when the cleanup was completed and the “nuisance” eliminated.
At issue is whether the injury sustained, the radioactive contamination, should be regarded as permanent, in the sense that it gave rise to but a single cause of action that accrued when defendant undertook to store and dispose of the radioactive residues, or continuous, in the sense that it gave rise to successive causes of action that continuously accrued throughout the period that the property remained contaminated (see 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48).
Injuries to property need not be intermittent or episodic (e.g., Meruk v City of New York, 223 NY 271; Reed v State of New York, 108 NY 407) in order for there to be successive causes of action continuously accruing throughout the period that harm is suffered and damages sustained — that is, the period during which the wrongful act has consequences adverse to the use and enjoyment of the property. Injuries can also be fluid and constant through time, recurring not from time to time, but, in theory, second by second, as, for example, when a structure such as an elevated street railroad encroaches upon easements of light, air and access (e.g., Galway v Metropolitan El. Ry. Co., 128 NY 132; Pappenheim v Metropolitan El. Ry. Co., 128 NY 436). A structure so encroaching, though not actively maintained by the defendant during the period that damages *816 are sustained, is regarded as a continuous trespass giving rise to successive causes of action barred only by the expiration of such time as would create an easement by prescription or change of title by operation of law (509 Sixth Ave. Corp. v New York City Tr. Auth., supra). The damages recoverable are for the past injury to the freehold and possession; that is, the pecuniary loss sustained by the plaintiff in the use and enjoyment of his property up to the time suit was commenced (Uline v New York Cent. & Hudson Riv. R.R. Co., 101 NY 98, 116). In such a case, it may not be to the injured party’s advantage to bring successive actions often and promptly; he may prefer to delay the action until his damages are large and immediate (Galway v Metropolitan El. Ry. Co., supra, at p 147). The abatement of the nuisance does not affect the right to recover damages for its past existence (42 NY Jur, Nuisances, § 58), although damages are limited to such as were sustained within three years prior to the commencement of suit (36 NY Jur, Limitations and Laches, §88).
Defendant would not analogize the contamination to an encroaching structure; no doubt, if analogy there must be, it would urge that the contamination is like the disease contracted as a result of an act of medical malpractice which manifests itself only after a long interval of time (e.g., Schmidt v Merchants Desp. Transp. Co., 270 NY 287; Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212; Thornton v Roosevelt Hosp., 47 NY2d 780), the act of malpractice being analogous to the storage and disposal techniques used by defendant in producing the nuclear materials. Such an argument, however, overlooks that the owner of real property cannot recover damages based upon the assumption that an injury to his property will be permanent or “unabatable”, i.e., he cannot obtain a single recovery including prospective as well as past damages (see Boomer v Atlantic Cement Co., 26 NY2d 219, 226), unless the injury is incapable of actual, physical repair (Dietzel v City of New York, 218 NY 270). Injuries to land are held to be incapable of repair and thus permanent in nature when things attached to the land, such as timber, trees, soil and buildings, are removed or destroyed (see Dietzel v City of New York, supra, at p 272; Hartshorn v *817 Chaddock, 135 NY 116; 13 NY Jur, Damages, §§ 87-88). Such injuries, like the one here, are actionable at the time of the initial encroachment, but unlike the one here, give rise to but a single cause of action (509 Sixth Ave. Corp. v New York City Tr. Auth., supra, at p 52).
Thus, in 509 Sixth Ave. Corp. (supra) excavation work undertaken by plaintiff in 1960 for the purpose of constructing a building was hindered by an underground “encroachment” allegedly belonging to defendant and erected in 1939. Rejecting an argument by plaintiff that its lack of knowledge prevented the cause of action from accruing in 1939, the court nevertheless held the action timely on the ground that the encroachment in question should be classified as a continuous trespass. The court stated: “In New York, we have consistently characterized an unlawful encroachment as a continuous trespass giving rise to successive causes of action” (p 52).
Accordingly, the motion is denied. Within 10 days after service of a copy of this order with notice of entry, plaintiff shall serve an amended complaint repleading its second cause of action for “negligence”, its third cause of action for “strict liability” and its fourth cause of action for “nuisance” as a second cause of action for a nuisance based on negligence and a third cause of action for a nuisance based on liability for abnormally dangerous conditions or activities (see Copart Inds. v Consolidated Edison Co., 41 NY2d 564, 569; Schmidt v Merchants Desp. Transp. Co., supra, at p 299).