■ VIRGINIA K. LOCKMAN et al., Appellants, v TOWN OF SOUTHOLD et al., Respondents. (And a Third-Party Action.) — In an action, *inter alia,* to recover damages for injury to property allegedly arising from erosion caused by a jetty constructed on behalf of defendants, plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), entered November 10, 1983, which granted defendant Town of Southold's motion to dismiss the complaint as to it, and (2) as limited by their brief, from so much of an order of the same court, entered February 3, 1984, as (a) upon reargument adhered to its original determination, and (b) granted defendant County of Suffolk's motion to dismiss the complaint as to it.

Appeal from order entered November 10, 1983, dismissed. That order was superseded by the order entered February 3, 1984.

Order entered February 3, 1984 affirmed, insofar as appealed from.

Defendants are awarded one bill of costs.

Plaintiffs allege that on January 5, 1979, a jetty constructed in 1964 caused serious damage and erosion to real property formerly owned by them, by blocking the littoral drift of sand along the shore and depriving the beach and waterfront lands of natural sand replenishment. Upon review of the record, we find that any alleged erosion began far in advance of January 5, 1979, and thus plaintiffs' notices of claim, served on March 5, 1979, were untimely (General Municipal Law § 50-e [1] [a]). Plaintiffs' cause of action, if any, accrued upon the wrongful invasion of their property rights by erosion (*Manno v Levi,* 94 AD2d 556, 566, *affd* 62 NY2d 888, *cert denied sub nom. Fleishman v Lilly & Co.,* __ US __, 105 S Ct 967), and there is no continuing nuisance merely because of consequential damages which may have occurred subsequently (*Macrose Realty Corp. v City of New York,* 49 AD2d 847). Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.