■ DONALD W. SOVA et al., Appellants, v JOHN H. GLASIER et al., Respondents. [596 NYS2d 228] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action was commenced by plaintiffs, owners of real property, against defendants, the present and former owners of an adjoining parcel. Plaintiffs' complaint concerns defendants' construction and maintenance of a garage near the common boundary line. In their first and third causes of action, plaintiffs allege that defendants violated various State Uniform Fire Prevention and Building Code provisions by building the garage without a permit and placing it within four feet of plaintiffs' lot, thereby creating a storm water drainage problem on plaintiffs' property (see, 9 NYCRR 716.2 [b] [1]; 903.2 [a]; 1244.1 [a]; 19 NYCRR 444.3 [b]). Plaintiffs allege that they are "aggrieved" by the violations and thus authorized to maintain a private action for redress pursuant to Executive Law § 382 (3). In their second cause of action, plaintiffs allege that, because of the garage eave overhang, defendants have trespassed on their property. As a fourth cause of action, plaintiffs allege that the garage constitutes a nuisance insofar as it causes storm water to drain onto or collect on plaintiffs' property. Plaintiffs demand the removal of the garage, or at least of the overhanging eave, abatement of the nuisance, and $13,045 damages, including out-of-pocket damages of $1,045 expended for drainage work.

Following joinder of issue, defendants moved for dismissal of the complaint on the grounds that the action was untimely commenced and that the complaint failed to state a cause of action. Plaintiffs appeal from an order dismissing their complaint in its entirety on those grounds.

The first and third causes of action were properly dismissed. Assuming arguendo that the claims state valid causes of action, they are nonetheless time-barred. Plaintiffs' claims pursuant to Executive Law § 382 (3) constitute "an action to recover upon a liability, penalty or forfeiture created or imposed by statute", and thus are governed by the three-year period of CPLR 214 (2). The causes of action are time-barred because they accrued when the garage was completed, i.e., no later than August 1985.

We modify the order, however, insofar as it dismissed the trespass and nuisance claims as time-barred. Those claims seek "to recover damages for an injury to property" and thus

are governed by the three-year limitation period of CPLR 214 (4). The garage was constructed no later than August 1985; thus, the claims are time-barred unless plaintiffs can establish an exception.

Plaintiffs correctly assert that the trespass and nuisance have been continuous in nature. In New York, a defendant's unlawful encroachment upon the property of a plaintiff by construction of a permanent structure constitutes a *"continuous* trespass giving rise to successive causes of action" *(509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 52; *see, Pappenheim v Metropolitan El. Ry. Co.,* 128 NY 436). Consequently, "[s]uits predicated on a continuous trespass are barred only by the expiration of such time which would create an easement by prescription or change title by operation of law" *(509 Sixth Ave. Corp. v New York City Tr. Auth., supra,* at 52, citing *Galway v Metropolitan El. Ry. Co.,* 128 NY 132). The same principle pertains to a cause of action sounding in nuisance *(see, Kearney v Atlantic Cement Co.,* 33 AD2d 848, 849). If the wrong is continuous or recurring, a cause of action accrues for each entry, and accrual is not limited to the first day that the tort was committed *(State of New York v Schenectady Chems.,* 103 AD2d 33, 37-38; *Kearney v Atlantic Cement Co., supra).* There is an important limitation on that rule, however. Even where the trespass or nuisance is properly characterized as continuing, damages are recoverable only to the extent that they were sustained during the three years immediately preceding commencement *(Kearney v Atlantic Cement Co., supra,* at 849, citing *Reisert v City of New York,* 174 NY 196, 205). There is no such limitation on the availability of injunctive relief, because an injunction is entirely prospective *(see, Kearney v Atlantic Cement Co., supra).*

Since the timeliness of plaintiffs' trespass and nuisance claims is defined in terms of the prescriptive period, we must determine what that period is. Generally, the prescriptive period is 10 years *(see,* CPLR 212 [a]; RPAPL 501); pursuant to RPAPL 611 (2), however, where there is an encroachment of six inches or less upon plaintiff's property as a result of defendant's construction of "the exterior wall of a building", the prescriptive period is one year. Plaintiff may bring an action for damages within that period, but thereafter such claim is time-barred and a prescriptive easement arises in favor of defendant.

The record is insufficient to determine the extent of the alleged encroachment, and thus we cannot determine whether plaintiffs' cause of action for trespass is time-barred. The

complaint is contradictory because it initially states that the garage eave encroaches .08 inch onto plaintiffs' property, then alleges that there is an eight inch encroachment. Given that state of the record, we note only that the trespass claim is not necessarily time-barred, and that the resolution of the timeliness issue depends upon the extent of the encroachment.

In summary, we resolve the timeliness issues as follows: plaintiffs' first and third causes of action, based on Executive Law § 382 (3) are time-barred. Plaintiffs' fourth cause of action for nuisance is not time-barred, and the nuisance, if any, may be enjoined, but damages are recoverable only to the extent that they were incurred within three years prior to commencement. Plaintiffs' second cause of action for trespass may not be time-barred depending on whether the encroachment exceeds six inches. If the trespass claim is not time-barred, the encroachment may be enjoined (see, RPAPL 871 [1]), but damages are recoverable only to the extent that they were incurred within three years prior to commencement. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.— Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.