■ MICHAEL F. BLUITT et al., Respondents, v RIDGE FIRE DISTRICT, Appellant. [646 NYS2d 553] —In an action, *inter alia,* to recover damages for personal injuries, the defendant appeals, as limited by its brief, from stated portions of an order of the

Supreme Court, Suffolk County (Tanenbaum, J.), dated June 23, 1995, which, *inter alia,* denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

In May 1984, a discharge of gasoline occurred on the premises of the defendant. Thereafter, local residents of the area, including the plaintiffs, reported a gasoline odor and a foul taste in their well water to the Suffolk County Department of Health Services and to the New York State Department of Environmental Conservation (hereinafter DEC). In the Spring of 1992 the DEC took water samples from the plaintiffs' properties and subsequently notified them that their drinking water was contaminated. In August 1992 a DEC investigation preliminarily concluded that the groundwater contamination emanated from the defendant's property, and soon thereafter the DEC arranged to have bottled water delivered to the affected homes. In November 1992 a newsletter was distributed by the Ridge Civic Association which discussed the contamination and noted that the defendant had denied all knowledge of a gasoline spill on its premises. By letter dated July 29, 1993, the DEC informed the defendant that it had concluded that the petroleum contamination in the Ridge area was emanating from the defendant's property.

Between July 30, 1993, and October 26, 1993, the plaintiffs served notices of claim upon the defendant. Thereafter, the plaintiffs commenced an action to recover damages. The defendant moved for summary judgment contending, *inter alia,* that the plaintiffs' notices of claim were untimely. The Supreme Court denied the motion holding, *inter alia,* that the notices of claim "must be considered timely" based upon the defendant's failure to promptly notify the plaintiffs of the problem. We now reverse.

General Municipal Law § 50-e requires a plaintiff to file a notice of claim in a tort action within ninety days after the claim arises as a condition precedent to the commencement of an action against a municipality or a public corporation. This includes actions brought against a fire district (*see, Bartnicki v Centereach Fire Dept.,* 222 AD2d 637). CPLR 214-c (3) provides that, for purposes of sections 50-e and 50-i of the General Municipal Law requiring as a condition precedent to commencement of an action that a notice of claim be filed within a specified period of time after the claim accrued, a claim or action for personal injury or injury to property caused by the latent

effects of exposure to any substance or combination of substances is "deemed to have accrued on the date of discovery of the injury * * * or on the date when through reasonable diligence the injury should have been discovered, whichever is earlier" (*see also, Seekings v Jamestown Pub. School Sys.,* 224 AD2d 942).

In the case at bar, the plaintiffs' causes of action against the defendant accrued long before the first notice of claim was filed on July 30, 1993. The plaintiffs became aware of a problem with their drinking water in early 1992 when the DEC took water samples from their properties and arranged to have bottled water delivered to them. Furthermore, contrary to the plaintiffs' contentions, the source of the contamination was discoverable prior to June 30, 1993, the date upon which their attorney advised them that the gasoline spill had emanated from the defendant's property. As early as August 1992 the DEC had preliminarily concluded that the defendant was responsible for the contamination and the plaintiffs could have readily obtained this information by simple inquiry to the DEC. In any event, this information was publicly disseminated in November of 1992 when the local area newsletter stated that the defendant denied responsibility for the gasoline spill.

Under these circumstances, the filing of the notices of claim which began on July 30, 1993, almost one year after the plaintiffs' causes of action accrued, were untimely (*see, Lockman v Town of Southold,* 108 AD2d 900; *Sweet v State of New York,* 114 Misc 2d 269). Accordingly, the defendant's motion for summary judgment should have been granted. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.