■ DONALD STANTON et al., Appellants, v TOWN OF SOUTHOLD, Respondent. [698 NYS2d 258] —In an action to enjoin a nuisance and for compensation for an unconstitutional taking of property, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated July 6, 1998, as granted the defendant's cross motion to dismiss the complaint, and (2) from a judgment of the same court, entered August 3, 1998, which dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, without costs or disbursements, the cross motion to dismiss the complaint is denied, and the order dated July 6, 1998, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs, who own beachfront property in the Town of Southold, allege that a stone jetty constructed in 1964 in the Goldsmith Inlet of the Long Island Sound is causing the erosion of the beach by blocking the natural coastal process of sand replenishment. In the first and second causes of action, the plaintiffs claim that the Town of Southold's failure to abate the erosion has rendered their land unusable so as to constitute a taking for which they are entitled to just compensation under the Fifth and Fourteenth Amendments of the United States Constitution, and article I, § 7 of the New York State Constitution. In the third cause of action the plaintiffs seek a permanent injunction directing the Town of Southold, *inter alia,* to eliminate the harmful effects of the continuing nuisance on their property.

The present case is legally and factually distinguishable from *Lockman v Town of Southold* (108 AD2d 900), where this Court affirmed the dismissal of an action involving the same jetty on the ground that the plaintiffs therein failed to file a timely notice of claim as required by General Municipal Law § 50-e. In Lockman the plaintiffs primarily sought to recover damages for injury to their property caused by a storm on January 5, 1979. In contrast, the plaintiffs here seek a permanent injunction to prevent further beach erosion, and they request compensation for an unconstitutional taking of their property.

It is well established that compliance with General Municipal Law § 50-e is not required where the plaintiffs seek equitable relief to abate or enjoin a nuisance and the demand for money damages is incidental and subordinate to the requested injunctive relief (*see, Baumler v Town of Newstead,* 198 AD2d 777; *Dutcher v Town of Shandaken,* 97 AD2d 922; *Malloy v Town of Niskayuna,* 64 Misc 2d 676). Moreover, the plaintiffs in the present action have stated an equitable claim based on continuing nuisance "for which a cause of action accrues anew each day" (*Rapf v Suffolk County,* 755 F2d 282, 292; *see also,*

*Kennedy v United States,* 643 F Supp 1072; *Sova v Glasier,* 192 AD2d 1069; *State of New York v Schenectady Chems.,* 103 AD2d 33; *Kearney v Atlantic Cement Co.,* 33 AD2d 848; *Amax, Inc. v Sohio Indus. Prods. Co.,* 121 Misc 2d 814). Accordingly, the present action is not time-barred.

Furthermore, since the substantively different claims asserted in Lockman were not disposed of on the merits, but on a procedural ground which is not applicable to the present causes of action, the plaintiff Zefar Fatimi, the current owner of the property at issue in Lockman, is not precluded from participating in this action (*see generally, De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088; *McNaughton v Hudson,* 50 AD2d 863). Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.