■ RICHARD H. AUGUSTYN, Respondent, v COUNTY OF WYOMING, Appellant, and NORTH AMERICAN SOLID TIMBER FRAME HOMES, INC., et al., Respondents, et al., Defendants. [716 NYS2d 341] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motion of the County of Wyoming (defendant) to dismiss the complaint based on plaintiff's failure to file a timely notice of claim and in granting plaintiff's cross motion for leave to file a late notice of claim. Plaintiff's claim arose when defendant informed plaintiff by letter dated March 13, 1996, that no certificate of occupancy would be issued for his property until certain structural problems were resolved (*see, Sexstone v City of Rochester*, 32 AD2d 737). The complaint alleges that defendant was responsible for creating the conditions that gave rise to those structural problems. Plaintiff did not file his notice of claim until August 14, 1996, more than 90 days after his claim arose (*see*, General Municipal Law § 50-e [1] [a]), nor did he seek leave to file a late notice of claim within one year and 90 days after the claim accrued (*see*, General Municipal Law § 50-e [5]; § 50-i [1] [c]; *Pierson v City of New York*, 56 NY2d 950, 954-955). Thus, the court had no discretion to grant plaintiff's cross motion (*see, Smith v Town of Ellisburg*, 234 AD2d 938). We further conclude that plaintiff has failed to show that the doctrine of equitable estoppel applies here. That doctrine must be "invoked sparingly and only under exceptional circumstances" with respect to "agencies of the State acting in their governmental capacity" (*Luka v New York City Tr. Auth.*, 100 AD2d 323, 325, *affd* 63 NY2d 667; *see, Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 93, n 1; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 667-668). (Appeal from

Order of Supreme Court, Wyoming County, Dillon, J.—Notice of Claim.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.