■ PAT GOWIN et al., Appellants, v TOWN OF PULTENEY et al., Respondents. [741 NYS2d 764] —Appeal from an order of Supreme Court, Steuben County (Fisher, J.), entered May 14, 2001, which granted in part defendants' motions seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted in part the motions of defendants Town of Pulteney and County of Steuben seeking summary judgment and dismissed the amended complaint insofar as it seeks damages as time barred pursuant to General Municipal Law § 50-e and CPLR 214-c (3) (*see Potanovic v County of Rockland,* 267 AD2d 291, 291; *see also Bluitt v Ridge Fire Dist.,* 230 AD2d 814, 815-816, *lv denied* 89 NY2d 810). As the court properly determined, the continuing-wrong exception (*see generally Sova v Glasier,* 192 AD2d 1069, 1070) is inapplicable to the facts of this case (*see generally Jensen v General Elec. Co.,* 82 NY2d 77, 81, 88). We further conclude that defendants had no ongoing duty to maintain plaintiffs' well water system (*see Nebbia v County of Monroe,* 92 AD2d 724, 725, *lv denied* 59 NY2d 603; *see also Sniper v City of Syracuse,* 139 AD2d 93, 95-96) or to prevent seepage from defendants' storage of road salt pursuant to the Environmental Conservation Law (*see State of New York v Schenectady Chems.,* 103 AD2d 33, 35-36). Contrary to the further contention of plaintiffs, they have failed to show that defendants made fraudulent representations and are therefore equitably estopped from raising the statute of limitations as a defense (*see generally Augustyn v County of Wyoming,* 275 AD2d 1003). "There is no evidence in the record that defendant[s] made any representation or engaged in a course of conduct which led plaintiff[s] to believe it would be unnecessary to commence litigation in order to settle plaintiff[s'] claim[s] or that if litigation were commenced, the Statute of Limitations would not be

pleaded in bar" (*Brands v Sperduti*, 43 AD2d 903, 903; *see Yassin v Sarabu*, 284 AD2d 531). Finally, the contention of plaintiffs in their reply brief concerning the applicability of a federal statute of limitations is not properly before us because it is raised for the first time on appeal (*see DeVito v Johnson Newspaper Corp.*, 237 AD2d 887, *appeal dismissed* 89 NY2d 1086; *O'Sullivan v O'Sullivan*, 206 AD2d 960). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.