SUTTON INVESTING CORPORATION, Appellant-Respondent, v CITY OF SYRACUSE, Respondent-Appellant. [853 NYS2d 233]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 4, 2006. The order granted in part and denied in part defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the first cause of action in its entirety and dismissing the first cause of action in its entirety and by denying that part of the motion for summary judgment dismissing certain claims for money damages in the second cause of action except insofar as those claims concern the western portion of the property in question and reinstating

those claims for money damages in the second cause of action to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action in May 2002 alleging that defendant, City of Syracuse (City), breached the parties' oral agreement with respect to the use by the City of plaintiff's property to store solid waste. Pursuant to that agreement, the City was entitled to use plaintiff's property to mulch and redistribute organic yard waste collected from residents of the City but, according to plaintiff, the City stored other types of waste and refused to comply with plaintiff's demand for an increase in the City's monthly rental payments. The amended complaint asserts causes of action for continuing waste, continuing nuisance and continuing trespass. We note at the outset that, as Supreme Court noted in its bench decision, plaintiff did not contest the City's assertion that plaintiff had withdrawn any claim with respect to the western portion of the property, and the court thus granted that part of the City's motion for summary judgment dismissing the amended complaint with respect to that portion of the property. Plaintiff on appeal does not address the propriety of that part of the order, and our decision herein therefore does not encompass the western portion of the property.

We conclude that the court properly granted that part of the City's motion for summary judgment dismissing the third cause of action, for continuing trespass, for the reasons stated by the court in its bench decision. We conclude, however, that the court erred in denying that part of the City's motion for summary judgment dismissing the first cause of action, for continuing waste, and further erred in granting that part of the motion for summary judgment dismissing the claims for money damages for "lost rent," lost opportunity to sell, and costs incurred by plaintiff "to clean up the property" in the second cause of action, for continuing nuisance. We therefore modify the order accordingly.

With respect to the first cause of action, for continuing waste, we note that waste to property has been defined as "any 'destruction, misuse, alteration, or neglect of premises by one lawfully in possession thereof to the prejudice of the . . . interest therein of another' " (*Gilman v Abagnale*, 235 AD2d 989, 991 [1997]; *see generally Rumiche Corp. v Eisenreich*, 40 NY2d 174, 179-180 [1976], *rearg denied* 40 NY2d 918 [1976]). The record establishes that plaintiff locked the City out of the premises during the month of October 2000, and thus the City's possession of the premises ceased at that time. We therefore agree with the City that the first cause of action is time-barred pursu-

ant to General Municipal Law § 50-i (1) (c) inasmuch as any alleged acts of waste committed by the City occurred prior to the lockout date and are outside the limitations period of one year and 90 days. Plaintiff contends that the first cause of action is not time-barred because the City's acts of waste were continuing in nature, based on the existence of the solid waste on the premises after October 2000. We reject that contention. Although the City's alleged wasteful acts may have created damages that were continuing, the acts themselves were not continuing (*see Francis v Posa*, 21 AD3d 1335 [2005]; *Matter of Witt v Town of Amherst* [appeal No. 2], 17 AD3d 1030 [2005]; *Sniper v City of Syracuse*, 139 AD2d 93, 95 [1988]).

We conclude, however, that the second cause of action, in which plaintiff alleges that the ongoing existence of the solid waste on its property constitutes a continuing nuisance, is not time-barred pursuant to General Municipal Law § 50-i (1) (c) (*see Stanton v Town of Southold*, 266 AD2d 277, 278-279 [1999]; *Sova v Glasier*, 192 AD2d 1069, 1070 [1993]), and thus the court erred in granting that part of the City's motion concerning damages for the continuing nuisance cause of action. We note, however, that the amount of damages that plaintiff may recover is limited by the applicable period of limitations (*see Sova*, 192 AD2d at 1070).

Finally, we reject the contention of the City that the action is barred by plaintiff's failure to file a timely notice of claim as required by section 8-115 (2) of the Syracuse City Charter. That section requires the filing of a notice of claim "in compliance with Section 50-e of the General Municipal Law" (*id.*), and here plaintiff was in compliance with section 50-e inasmuch as the court granted its application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Present— Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.