In an action to recover damages for injury to property and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 27, 2007, which granted the defendant’s motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e.
Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant’s motion which were to dismiss the second and fourth causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In August 2004 the plaintiffs determined that property dam *452 age to their basement was caused by the actions of the defendant Town of Cortlandt in that the Town improperly installed a curb and failed to maintain its roadway, drainage system, and catch basins near the plaintiffs’ property. The plaintiffs served a notice of claim upon the Town on December 2, 2004.
The Supreme Court correctly granted those branches of the defendant’s motion which were to dismiss the first and third causes of action for the plaintiffs’ failure to comply with General Municipal Law §§ 50-e and 50-i. Service of a notice of claim within 90 days after accrual of the claim is a condition precedent for commencing an action against the Town sounding in tort (see General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; Pierre v City of New York, 22 AD3d 733 [2005]; Friedman v City of New York, 19 AD3d 542 [2005]). Here, although the plaintiffs pleaded the first and third causes of action to recover damages as sounding in trespass and nuisance, the plaintiffs’ claim actually sounds in negligence. The notice of claim and verified bill of particulars specifically described the plaintiffs’ claims as sounding in negligence, in that the plaintiffs alleged that the Town failed to properly maintain the curb, roads, and catch basins near their property, thereby causing damage to it. Thus, as to the first and third causes of action, the plaintiffs failed to comply with the General Municipal Law requirement that a timely and proper notice of claim must be served since the notice of claim failed to specify that they were seeking to recover damages for trespass or nuisance and failed to articulate a sufficient factual basis to support those claims (see General Municipal Law § 50-i [1] [a]; § 50-e [1] [a]).
Further, the plaintiffs’ negligence claim accrued in August 2004 when the plaintiffs discovered the damage to their basement and determined that the damage was caused by the Town’s conduct. Since the plaintiffs failed to serve a notice of claim within the statutory period even with respect to their claim of negligence, the late notice of claim they served on December 2, 2004, without leave of the court, was a nullity (see Pierre v City of New York, 22 AD3d at 733; Friedman v City of New York, 19 AD3d at 542).
However, since the second and fourth causes of action sought equitable relief by way of an injunction, no notice of claim was required with respect to those causes of action (see Sutton Investing Corp. v City of Syracuse, 48 AD3d 1141, 1143 [2008]; Stanton v Town of Southold, 266 AD2d 277 [1999]). Therefore, the Supreme Court should not have granted those branches of the defendant’s motion which were to dismiss the second and fourth causes of action. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.