■ MICHAEL LUCCHESI et al., Appellants, v CESAR PERFETTO et al., Respondents. [899 NYS2d 341]—

In an action, inter alia, to recover damages for nuisance, trespass, and negligence, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated November 19, 2008, which granted the defendants' motion for summary judgment dismissing the complaint, and denied their cross motion for summary judgment on the complaint and for an award of costs pursuant to CPLR 8303-a.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action to recover damages for nuisance, and substituting therefor a provision granting that branch of the motion only to the extent that it seeks damages for acts of nuisance alleged to have occurred more than three years prior to the commencement of this action, and otherwise denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action to recover damages for trespass, and substituting therefor a provision granting that branch of the motion only to the extent that it seeks damages for acts of trespass alleged to have occurred more than three years prior to the commencement of this action, and otherwise denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On September 5, 1996, the defendants purchased a vacant parcel of land in Staten Island. Over the next several months, the defendants constructed a new house on their property, which was completed in late 1996 or early 1997. During construction, a contractor deposited fill consisting of topsoil and dirt on the defendants' property, which raised the elevation grade of the property approximately five to six feet. The defendants admit that some of the fill was also deposited on the adjacent parcel of property located to the southeast of their premises, which was vacant at the time they constructed their home. More than four years later, on August 14, 2001, the plaintiffs purchased the adjacent southeast parcel, and also constructed a new home on it.

On or about November 21, 2003, the plaintiffs commenced this action against the defendants seeking, inter alia, to recover

damages for nuisance, trespass, and negligence. In their complaint, the plaintiffs allege that the deposits of fill which raised the elevation grade of the defendants' property created an unsupported steep embankment near the property line between the two parcels. They further allege that the steep embankment constituted a nuisance because it has caused boulders, mud, and debris to fall onto their property, and that the deposit of some of the fill onto their property without the permission of their predecessor in title constituted a continuing trespass. After depositions were completed, the defendants moved for summary judgment, contending that the nuisance, trespass, and negligence causes of action were time-barred by the three-year statute of limitations governing injury to property. The defendants also argued that the sole proximate cause of any damages that the plaintiffs had sustained was their failure to install a retaining wall when they constructed their home, as the plaintiffs' own builder and architect had recommended. The defendants further maintained that the plaintiffs could not recover damages for trespass based upon the spillover of fill onto their property because their predecessor in title had consented to the placement of the fill. The plaintiffs countered by cross-moving for summary judgment on the complaint, and for an award of costs pursuant to CPLR 8303-a. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion, concluding, inter alia, that the plaintiffs' claims were barred by the applicable statute of limitations. We modify.

Contrary to the plaintiffs' contention, the Supreme Court properly awarded summary judgment to the defendants dismissing the fifth cause of action to recover damages for negligence, which is predicated upon the defendants' alleged failure to ensure that the elevation grade of their property was raised in a safe manner. The defendants made a primä facie showing that the negligence claim was barred by the applicable three-year statute of limitations (*see* CPLR 214 [4]) through the submission of evidentiary proof that the fill which raised the elevation grade of their property was deposited during the construction of their home, which was completed by early 1997, more than six years prior to the commencement of this action. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether their negligence claim was timely commenced within three years of the wrongful act upon which it is based (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 52 AD3d 120, 123 [2008], *affd* 13 NY3d 61; *Greco v Incorporated Vil. of Freeport*, 66 AD3d 836, 837 [2009]).

However, the Supreme Court erred in concluding that the

first cause of action to recover damages for nuisance, and the second cause of action to recover damages for trespass, were time-barred in their entirety. Although the defendants made a prima facie showing that the fill which raised the elevation grade of their property was deposited in late 1996 or early 1997, the first and second causes of action are based upon allegations of continuing wrongs—the continued entry of boulders, mud, and debris onto the plaintiffs' property, and the continued presence of fill. These alleged acts of continuous nuisance and trespass give rise to successive causes of action under the continuous wrong doctrine (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66 [2009]; *Covington v Walker*, 3 NY3d 287, 292 [2004], *cert denied* 545 US 1131 [2005]; *509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48 [1964]; *see also Sutton Investing Corp. v City of Syracuse*, 48 AD3d 1141, 1142 [2008]; *Stanton v Town of Southold*, 266 AD2d 277, 278 [1999]; *Sova v Glasier*, 192 AD2d 1069, 1070 [1993]). Accordingly, summary judgment dismissing the first and second causes of action should have been awarded to the defendants only insofar as those causes of action seek damages for acts of nuisance and trespass alleged to have occurred more than three years before the action was commenced (*see Greco v Incorporated Vil. of Freeport*, 66 AD3d at 837; *State of New York v CSRI Ltd. Partnership*, 289 AD2d 394, 395 [2001]; *see also Sutton Investing Corp. v City of Syracuse*, 48 AD3d at 1143; *Sova v Glasier*, 192 AD2d at 1070).

Furthermore, we reject the defendants' contention that they are entitled to summary judgment dismissing the plaintiffs' nuisance claim in its entirety upon the alternate ground that the sole proximate cause of the plaintiffs' damages was their failure to install a retaining wall. Although the plaintiffs' failure to install a retaining wall in accordance with the recommendations of their builder and architect may constitute culpable conduct, it is not a complete bar to recovery (*see* CPLR 1411; *Seneca Meadows, Inc. v ECI Liquidating, Inc.*, 983 F Supp 360, 364 [1997]). In addition, the defendants are not entitled to summary judgment dismissing the plaintiffs' trespass claim in its entirety upon the alternate ground that the plaintiffs' predecessor in title gave permission to the defendants to deposit fill on the plaintiffs' property. While the defendants made a prima facie showing that the deposit of fill onto the plaintiffs' property did not constitute trespass because the plaintiffs' predecessor in title gave them permission to do so (*see Woodhull v Town of Riverhead*, 46 AD3d 802, 804 [2007]; *cf. State of New York v Johnson*, 45 AD3d 1016, 1019 [2007]), in opposition, the plaintiffs raised a triable issue of fact as to whether such permission was actually granted.

The defendants' denial of certain factual allegations asserted in the complaint did not constitute the commencement or continuation of a frivolous defense warranting the imposition of costs pursuant to CPLR 8303-a.

The plaintiffs' remaining contentions are without merit. Covello, J.P., Florio, Miller and Eng, JJ., concur. **[Prior Case History: 2008 NY Slip Op 33119(U).]**