TIA of N.Y., Inc. v I.J. Litwak Realty 1, LLC (2016 NY Slip Op 05806)





TIA of N.Y., Inc. v I.J. Litwak Realty 1, LLC


2016 NY Slip Op 05806


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-09291
 (Index No. 504183/13)

[*1]TIA of New York, Inc., plaintiff-respondent, 
v
I.J. Litwak Realty 1, LLC, defendant third-party plaintiff- respondent; Ultra Flex Packaging Corp., third-party defendant-appellant.


Cornicello, Tendler & Baumel-Cornicello, LLP, New York, NY (Susan Baumel-Cornicello, Jay H. Berg, and Andrew Cassady of counsel), for third-party defendant-appellant.
Fred L. Seeman, New York, NY (Peter Kirwin of counsel), for defendant third-party plaintiff-respondent.
Law Offices of Raymond A. Giusto, P.C., West Bay Shore, NY (Brooke Anthony of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the third-party defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated August 6, 2015, which denied, without prejudice to renewal upon the completion of discovery, its motion for summary judgment dismissing the second cause of action in the third-party complaint and granted the cross motion of the defendant third-party plaintiff for leave to amend the third-party complaint to assert a cause of action alleging private nuisance.
ORDERED that the order is affirmed, with costs.
Contrary to the contention of the third-party defendant Ultra Flex Packaging Corp. (hereinafter Ultra), the Supreme Court properly denied its motion for summary judgment dismissing the second cause of action of the third-party complaint, which alleged trespass. Ultra failed to demonstrate its prima facie entitlement to that relief, since its submissions failed to eliminate all triable issues of fact regarding whether it intentionally and without a good faith justification sealed off a common storm sewer drainage line, knowing that the line serviced both its property and the adjacent property of the defendant third-party plaintiff, I.J. Litwak Realty 1, LLC (hereinafter Litwak), and thereby caused the backing up and flooding of surface water onto Litwak's property through the drainage line (see generally Phillips v Sun Oil Co., 307 NY 328; Boardman v Church of the Transfiguration, 82 AD3d 1695; Moretti v Croniser Constr. Corp., 76 AD3d 1055; Tatzel v Kaplan, 292 AD2d 440; Archambault v Knost, 132 AD2d 909).
Furthermore, the Supreme Court providently exercised its discretion in granting Litwak's cross motion to amend the third-party complaint to assert a cause of action alleging private nuisance. Leave to amend should be freely granted in the absence of prejudicial delay and where the [*2]proposed amendment is neither palpably improper nor patently devoid of merit (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957; Maldonado v Newport Gardens, Inc., 91 AD3d 731; Lucido v Mancuso, 49 AD3d 220). Here, contrary to Ultra's contention, Litwak's proposed amendment adequately set forth the elements of a claim to recover damages for private nuissance (see generally Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564; Taggart v Costabile, 131 AD3d 243; Massaro v Jaina Network Sys., Inc., 106 AD3d 701; Nowak v Madura, 304 AD2d 733).
MASTRO, J.P., RIVERA, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court