Jefferson v New Life Tabernacle, Inc. (2024 NY Slip Op 01295)

Jefferson v New Life Tabernacle, Inc.

2024 NY Slip Op 01295

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-01039
 (Index No. 520804/16)

[*1]Isabelle R. Jefferson, respondent,
v
New Life Tabernacle, Inc., appellant.

Landman Corsi Ballaine & Ford P.C., New York, NY (Tina S. Bhatt and Daniel S. Moretti of counsel), for appellant.
Auciello Law Group, P.C. (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated January 24, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging negligence as sought to recover damages that accrued on or after November 23, 2013, and granted those branches of the plaintiff's cross-motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action alleging trespass and nuisance.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging negligence as sought to recover damages that accrued on or after November 23, 2013, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant own adjoining properties in Brooklyn. In November 2016, the plaintiff commenced this action, alleging, inter alia, that, in 2012, the defendant negligently performed certain construction work on its own property, including installing drains, "cutting a driveway," and pouring cement over the yard, that resulted in water infiltration into the plaintiff's premises. The defendant moved for summary judgment dismissing the complaint, contending, among other things, that the action was time-barred. The plaintiff opposed the defendant's motion and cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action alleging, inter alia, trespass and nuisance. By order dated January 24, 2022, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the negligence cause of action as sought to recover damages that accrued prior to November 23, 2013, but denied that branch of the defendant's motion which was for summary judgment dismissing so much of that cause of action as sought to recover damages that accrued on or after November 23, 2013. The court also granted those branches of the plaintiff's cross-motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action alleging trespass and nuisance. The defendant appeals.
The Supreme Court should have granted that branch of the defendant's motion which [*2]was for summary judgment dismissing so much of the cause of action alleging negligence as sought to recover damages that accrued on or after November 23, 2013. The defendant demonstrated, prima facie, that the negligence cause of action was barred under the applicable three-year statute of limitations (see CPLR 214[4]) by submitting evidence that the allegedly negligent construction work performed on its property occurred in or around June 2012, more than four years prior to the commencement of this action (see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1030; Lucchesi v Perfetto, 72 AD3d 909, 911). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the negligence cause of action was timely brought within three years of the wrongful act upon which it is based (see Lucchesi v Perfetto, 72 AD3d at 911).
The Supreme Court, however, providently exercised its discretion in granting those branches of the plaintiff's cross-motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action alleging trespass and nuisance. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Marcum, LLP v Silva, 117 AD3d 917, 917; see CPLR 3025[b]; TIA of N.Y., Inc. v I.J. Litwak Realty 1, LLC, 142 AD3d 606, 607). Here, the acts of continuous nuisance and trespass alleged in the amended complaint may give rise to successive causes of action pursuant to the continuous wrong doctrine (see Listwon v 500 Metro. Owner, LLC, 188 AD3d at 1030; Lucchesi v Perfetto, 72 AD3d at 912), and the defendant failed to establish that the proposed amendments were palpably insufficient or patently devoid of merit (see TIA of N.Y., Inc. v I.J. Litwak Realty 1, LLC, 142 AD3d at 607). Further, the defendant failed to establish that it was prejudiced or surprised by the plaintiff's delay in seeking leave to amend the complaint (see US Bank N.A. v Murillo, 171 AD3d 984, 986).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court