■ GERALD P. LINNANE, Appellant, v MICHAEL J. LANZELLOTTO et al., Respondents. [608 NYS2d 524] —In an action, *inter alia,* to recover damages for trespass to real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated February 25, 1992, as (1) denied his motion for a preliminary injunction enjoining the defendants from interfering in the erection of a fence on a certain parcel of real property or interfering in plaintiff's quiet enjoyment of that property, and (2) granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and to cancel a notice of pendency filed on the defendants' property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The trial court properly dismissed those causes of action sounding in trespass for the reason that the complaint failed to allege that the property on which the fence removed by the defendants was located, was owned by the plaintiff, whether by record title or adverse possession. The cause of action alleging ownership by the plaintiff of a certain parcel of real property by adverse possession was likewise properly dismissed. The parcel in question is not the subject of any dispute between the parties and title to it is, by the plaintiff's own admission, already held by him.

The plaintiff's contention that the trial court improperly looked to the defendants' documentary evidence in order to determine whether or not the complaint pleaded a cognizable cause of action is without merit *(see,* CPLR 3211 [c]; *see also,*

*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.