■ RICHARD KLEIN, D.C., Appellant, v BETA I LLC et al., Defendants. MARCO ENTERPRISES, LTD., et al., Proposed Additional Defendants. [782 NYS2d 54]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered November 6, 2003, which denied plaintiff's motion to amend the complaint to assert claims against three proposed additional defendants, unanimously reversed, on the law, without costs, plaintiff's motion granted with leave to plaintiff to serve and file an amended summons and the proposed amended complaint submitted on the motion upon the proposed additional defendants within 30 days of the date of this order.

In this action against plaintiff's cooperative corporation, and an adjacent property owner and its managing agent and

construction manager for damage to plaintiff's office, allegedly caused by extensive demolition and construction work on the adjacent property, the motion court denied plaintiff's motion to amend his complaint to assert claims against the excavation contractor, structural engineers and geotechnical service involved in the project. The court found, as pertinent to this appeal, that such claims were time-barred and that plaintiff was not entitled to the benefit of the relation-back provision of CPLR 203 (c) since the original and proposed defendants were not united in interest inasmuch as their only relationship was that of joint tortfeasors.

As recognized by the motion court, however, where the work performed is inherently dangerous, there is an exception to the general rule that a party who retains an independent contractor is not liable for the independent contractor's negligence (*see Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 670 [1992]; *Tytell v Battery Beer Distrib., Inc.*, 202 AD2d 226 [1994]).

The court found that such exception did not apply because plaintiff did not allege in the original or proposed amended complaint that the damage was caused by a danger inherent in the work itself, but rather, as a result of the methods used to perform it. However, the record reveals that plaintiff, in his original complaint, not only alleged that the excavation, demolition and construction work was performed in a reckless, negligent, hazardous, dangerous and unsafe manner, but also repeatedly described "the reckless, negligent, hazardous, dangerous and unsafe demolition, excavation and construction work done at the adjacent property." While "[w]hether the work is inherently dangerous is normally a question of fact to be determined by the jury," it can, in certain circumstances, be decided as a question of law (*Rosenberg v Equitable Life, supra* at 670, 668-669). As noted by the Court of Appeals, excavation work adjacent to a thoroughfare obviously presents inherent dangers to those who must use the thoroughfare (*id.* at 669). The same could arguably be said about excavation work adjacent to an existing building.

Accordingly, inasmuch as the proposed additional defendants are united in interest for purposes of the relation-back doctrine, plaintiff's motion to amend its complaint to add the proposed additional defendants should have been granted. Concur—Tom, J.P., Andrias, Williams, Marlow and Gonzalez, JJ.