[915 NE2d 608, 886 NYS2d 663]

BLOOMINGDALES, INC., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Plaintiff-Appellant, v M-TRACK ENTERPRISES, INC., Third-Party Defendant-Appellant. M-TRACK ENTERPRISES, INC., Second Third-Party Plaintiff-Appellant, v JUDLAU CONTRACTING, INC., Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. JUDLAU CONTRACTING, INC., Third Third-Party Plaintiff-Appellant, v JANUS INDUSTRIES, INC., Third Third-Party Defendant-Appellant.

Argued May 6, 2009; decided June 11, 2009

**POINTS OF COUNSEL**

*Fabiani Cohen & Hall, LLP,* New York City (*Lisa A. Sokoloff* of counsel), for appellant. I. New York City Transit Authority's conduit did not constitute a continuing trespass because it did not obstruct plaintiff's use of its easement. (*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564; *Kaplan v Incorporated Vil. of Lynbrook,* 12 AD3d 410; *Zimmerman v Carmack,* 292 AD2d 601; *Bogan v Town of Mt. Pleasant,* 278 AD2d 264; *Cranesville Block Co. v Niagara Mohawk Power Corp.,* 175 AD2d 444; *Oliphant v McCarthy,* 208 AD2d 1079; *Wilson v Palmer,* 229 AD2d 647; *Utrecht v 142 E. 49th St. Owners Corp.,* 29 AD3d 363; *Curwin v Verizon Communications [LEC],* 35 AD3d 645; *Mangusi v Town of Mount Pleasant,* 19 AD3d 656.) II. Plaintiff's claims for the costs of repair of its drainpipe are time-barred. (*Klein v City of Yonkers,* 53 NY2d 1011; *Nebbia v County of Monroe,* 92 AD2d 724, 59 NY2d 603; *Matter of Witt v*

*Town of Amherst,* 17 AD3d 1030; *Porcaro v Town of Beekman,* 15 AD3d 377; *Scarzfava v City of Newburgh,* 255 AD2d 436; *Stefanis v Town of Middletown,* 56 AD3d 980; *Stanton v Town of Southold,* 266 AD2d 277.)

*Cerussi & Spring, P.C.,* White Plains (*Kevin P. Westerman* and *Deborah R. Brancato* of counsel), for third-party defendant-appellant. I. The New York City Transit Authority's conduit in the area of Bloomingdales, Inc.'s apparent easement is not a continuous trespass. (*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564; *Kaplan v Incorporated Vil. of Lynbrook,* 12 AD3d 410; *Krosky v Hatgipetros,* 150 AD2d 344; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Cranesville Block Co. v Niagara Mohawk Power Corp.,* 175 AD2d 444; *Bogan v Town of Mt. Pleasant,* 278 AD2d 264, 97 NY2d 638; *Oliphant v McCarthy,* 208 AD2d 1079; *Covington v Walker,* 3 NY3d 287; *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Stanton v Town of Southold,* 266 AD2d 277.) II. The New York City Transit Authority's conduit in the area of Bloomingdales, Inc.'s easement did not create a substantial interference in the use and enjoyment of plaintiff's land and does not qualify as a private nuisance. (*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564.)

*Biedermann, Reif, Hoenig & Ruff, P.C.,* New York City (*Peter H. Cooper* and *Peter Hoenig* of counsel), for second third-party defendant-appellant and third third-party plaintiff-appellant. The majority of the Appellate Division erred in reinstating the trespass and nuisance claims. (*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564; *Congregation B'nai Jehuda v Hiyee Realty Corp.,* 35 AD3d 311; *Ward v City of New York,* 15 AD3d 392; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48.)

*Ahmuty, Demers & McManus,* Albertson (*Brendan T. Fitzpatrick* of counsel), for third third-party defendant-appellant. Bloomingdales, Inc.'s trespass and nuisance claims were barred by the applicable statute of limitations, and Janus Industries, Inc. asks this Court to reverse and dismiss the complaint. (*Suffolk County Water Auth. v J.D. Posillico, Inc.,* 267 AD2d 301; *Cranesville Block Co. v Niagara Mohawk Power Corp.,* 175 AD2d 444; *Nebbia v County of Monroe,* 92 AD2d 724; *Rochester Gas & Elec. Corp. v City of Rochester,* 258 AD2d 945; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Klein v City of Yonkers,* 53 NY2d 1011; *Covington v Walker,* 3 NY3d 287;

*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564; *Domen Holding Co. v Aranovich,* 1 NY3d 117; *Nussbaum v Lacopo,* 27 NY2d 311.)

*Lester Schwab Katz & Dwyer, LLP,* New York City (*Harry Steinberg* and *Steven B. Prystowsky* of counsel), for respondent. I. The Appellate Division correctly found that defendants' placing of a conduit across Bloomingdales, Inc.'s easement was both a trespass and a nuisance and was, therefore, not time-barred. (*509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *State of New York v CSRI Ltd. Partnership,* 289 AD2d 394; *Sutton Investing Corp. v City of Syracuse,* 48 AD3d 1141; *Beneke v Town of Santa Clara,* 45 AD3d 1164; *Town of Saranac v Town of Plattsburgh,* 218 AD2d 866; *Sova v Glasier,* 192 AD2d 1069; *Matter of Wehlau v Town of Cortlandt,* 48 AD2d 901; *Nebbia v County of Monroe,* 92 AD2d 724; *Klein v City of Yonkers,* 53 NY2d 1011; *Bogan v Town of Mt. Pleasant,* 278 AD2d 264.) II. Appellants' arguments lack merit because they ignore that the conduit was a permanent trespass upon Bloomingdales, Inc.'s easement. (*509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Bogan v Town of Mt. Pleasant,* 278 AD2d 264; *Cranesville Block Co. v Niagara Mohawk Power Corp.,* 175 AD2d 444; *Spier v Horowitz,* 16 AD3d 400; *Gerbig v Zumpano,* 7 NY2d 327; *Bertone Commissioning v City of New York,* 27 AD3d 222; *Matter of Ansong v City of New York,* 308 AD2d 333; *Miranda v New York City Tr. Auth.,* 262 AD2d 199; *Oliphant v McCarthy,* 208 AD2d 1079; *Stefanis v Town of Middletown,* 56 AD3d 980.)

**OPINION OF THE COURT**

Pigott, J.

In September 1999, third-party defendant Janus Industries, Inc., as part of a project undertaken by defendant New York City Transit Authority, began excavation work between 59th Street and 60th Street on the west side of Third Avenue in Manhattan. In the course of the work, Janus cut a working drainpipe that ran down from plaintiff Bloomingdales, Inc.'s roof, believing it to be a "dead" water main. It then installed a conduit encased in concrete in its place. Sometime thereafter, Bloomingdales experienced flooding on the lower level of its store when it rained. In February 2002, Bloomingdales hired a contractor, who excavated the area of the drainpipe, determined that it had been cut and discovered the conduit. Bloomingdales alleges it was required to install a new drainpipe above the conduit costing in excess of $165,000.

After filing a notice of claim, Bloomingdales then commenced an action against the New York City Transit Authority, in January 2003, alleging causes of action for negligence, trespass and nuisance. Third- and fourth-party actions ensued involving various contractors and subcontractors on the project.

The Transit Authority and third-party defendants moved for summary judgment dismissing the complaint, invoking Public Authorities Law § 1212, General Municipal Law §§ 50-e and 50-i and CPLR 214, arguing that Bloomingdales' claim was barred by the statute of limitations because the action was commenced more than one year and 90 days after the complained-of negligent act—the severing of the drainpipe.

Supreme Court concluded that the moving parties established their entitlement to summary judgment, finding that, pursuant to the controlling statutes, the statute of limitations was triggered when the drainage pipe was severed in September 1999 (13 Misc 3d 1202[A], 2006 NY Slip Op 51642[U]). Bloomingdales appealed.

The Appellate Division reversed and reinstated the trespass and nuisance causes of action (52 AD3d 120 [2008]). The majority held that the concrete conduit "physically interrupted [Bloomingdales'] storm drainpipe and interfered with [Bloomingdales'] easement and right of access to the sewer" (*id.* at 123-124). Thus, it held that this was a "continuing" tort resulting in successive causes of action and because the claims were not tied to the single negligent act of severing the drainpipe, the actions were timely commenced (*id.* at 124).

The Appellate Division certified the following question to this Court: "Was the order of this Court, which reversed the order of Supreme Court, properly made?" We now answer the question in the affirmative.

Public Authorities Law § 1212 (2) and General Municipal Law § 50-i both require that an action for damage to real property be commenced within one year and 90 days after the occurrence of the event upon which the claim is based, irrespective of when the action accrued (*see Klein v City of Yonkers*, 53 NY2d 1011, 1013 [1981]). The Transit Authority and third-party defendants argue that this is the correct time period upon which to measure all of Bloomingdales' claims.

There is no dispute that if the happening of the event complained of by Bloomingdales was solely the severing of the drainpipe, all of the causes of action would be time-barred.

However, another act occurred here—the placement of the conduit.

The essence of trespass to real property is injury to the right of possession, and such trespass may occur under the surface of the ground. A person need not have title to the property, but must simply have sufficient property rights to maintain an action for trespass (*see* 87 CJS, Trespass § 30). Although Bloomingdales did not have exclusive possession of the area of the drainpipe, it still had legal rights against trespass for an unlawful encroachment to its right-of-way. We have held that a trespass that constitutes an unlawful encroachment on a plaintiff's property will be considered a continuous trespass giving rise to successive causes of action (*509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48 [1964]). Thus, for purposes of the statute of limitations, suits will only be time-barred by the expiration of such time as would create an easement by prescription or change of title by operation of law (*id.*).

Here, the presence of the concrete conduit interfered with Bloomingdales' access to its drainpipe and ultimately the city sewer, and as a result, Bloomingdales was required to install a new pipe following a new path over the conduit. Notably, the actual damages sought by Bloomingdales did not arise from the mere severance of its drainpipe, but from the need to install the new drainpipe in a different location. Thus, because the conduit encroached on Bloomingdales' right-of-way, we find that the Appellate Division correctly concluded that Bloomingdales has a viable cause of action sounding in trespass, for which the statute of limitations has not yet run.

For the same reasons, we find that there is a viable claim for private nuisance, which is, in this case, simply another way of characterizing the trespass claim. There was a continuous interference with Bloomingdales' right to use and enjoy its property right, and as such the same statute of limitations as the trespass applies.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question should be answered in the affirmative.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order affirmed, etc.