◼ Peter M. O'Connell et al., Respondents, v James B. Graves et al., Appellants, et al., Defendant. [894 NYS2d 678]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered January 28, 2009 in an action pursuant to RPAPL article 15. The judgment, insofar as appealed from, granted that part of the motion of plaintiffs for summary judgment dismissing the second counterclaim.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the second counterclaim is reinstated.

Memorandum: Plaintiffs, the owners of property that borders property owned by James B. Graves and Terri J. Graves (defendants), installed a septic system in August 1994 and enclosed the area with a wall constructed of railroad ties measuring ap-

proximately 22 feet in length and 3.7 feet in width at its widest point. It is undisputed that defendants became aware of the wall for the first time in August 1995. In December 2005, a new survey of defendants' property was conducted, which revealed that the wall constructed by plaintiffs encroached on defendants' property at a maximum distance of 3.7 feet. Plaintiffs commenced this action pursuant to RPAPL article 15 seeking, inter alia, a determination that they are the lawful owners of the property enclosed by the wall based on adverse possession. Defendants in turn asserted two counterclaims, alleging that plaintiffs engaged in continuous trespass, both with respect to the area enclosed by the wall and that part of the septic system that extends approximately eight inches beyond the wall. Plaintiffs moved for, inter alia, summary judgment dismissing the counterclaims, and defendants cross-moved for, inter alia, summary judgment dismissing the amended complaint. In their cross motion papers, defendants conceded that they were aware that the septic system had been installed, but they contended that they were not aware of the subterranean encroachment beyond the wall until they dug in an area adjacent to the wall in 2007. Plaintiffs, on the other hand, contended that they had the right to the use of the land because they had obtained title to the property based on their adverse possession of it for at least 10 years. As limited by their brief, defendants appeal from the judgment insofar as it granted that part of plaintiffs' motion for summary judgment dismissing the second counterclaim, seeking treble damages for plaintiffs' continuing subterranean trespass. Even assuming, arguendo, that plaintiffs established their entitlement to judgment as a matter of law on that counterclaim, we conclude that defendants raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In granting plaintiffs' motion with respect to the second counterclaim, Supreme Court determined that the second counterclaim, for subterranean trespass, was time-barred on the ground that the trespass had occurred in excess of 10 years. That was error. "The essence of trespass to real property is injury to the right of possession, and such trespass may occur under the surface of the ground . . . [A] trespass that constitutes an unlawful encroachment on a [party's] property will be considered a continuous trespass giving rise to successive causes of action . . . Thus, for purposes of the statute of limitations, suits will only be time-barred by the expiration of such time as would create an easement by prescription or change of title by operation of law," here, by adverse possession (*Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66 [2009]; *see 509*

*Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 52 [1964]). The subterranean encroachment beyond the wall was not open and notorious, a necessary element of adverse possession (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]), and thus the second counterclaim is not barred by the statute of limitations (*see generally 509 Sixth Ave. Corp.*, 15 NY2d at 52-53). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.