■ NILES H. LAUERSEN, Respondent, v JOHN ("YANNI") ANTONOPOLOUS, Appellant, et al., Defendant. [990 NYS2d 6]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 5, 2013, which denied defendant Antonopolous's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Plaintiff contends that in 1990 he and defendant orally agreed that defendant would reside in a cooperative apartment owned by plaintiff, that he would not pay rent but would be responsible for the maintenance, assessments, and other charges related to the unit, and that he would vacate the premises when so requested by plaintiff, who would remain "the true, legal and equitable owner of the Apartment." Plaintiff contends that he allowed defendant to become a joint tenant and coop shareholder for the price of $1, and had defendant so listed on the share certificate and proprietary lease, solely as an accommodation to him, since the coop board objected to open-ended occupancy by a non-owner. Defendant, who has lived in the apartment continuously since February 27, 1990, and has paid all the maintenance and assessments in that time, denies that there was any such agreement between himself and plaintiff, and contends that he received an interest in the apartment in consideration for the services he performed for plaintiff in the latter's medical practice. Defendant moved for summary judgment dismissing the complaint on statutes of frauds and limitations grounds.

In opposition, plaintiff argues that he has partly performed the oral agreement and that, if the agreement is not enforced, injustice will result, i.e., defendant's receipt of a half interest in this valuable Park Avenue apartment in exchange for grossly insufficient consideration ($1) (*see* General Obligations Law § 5-703 [4]; *Club Chain of Manhattan v Christopher & Seventh Gourmet*, 74 AD2d 277, 281-282 [1st Dept 1980], *appeal dismissed* 53 NY2d 703 [1981]). The record presents issues of fact whether plaintiff's performance of the alleged agreement is unequivocally referable to the agreement, including whether plaintiff gave defendant an interest in the apartment in consideration for services that defendant performed for him, and whether the written assignment of the lease was legitimate.

With respect to the statute of limitations, issues of fact exist whether defendant's possession of the apartment was adverse (*see* CPLR 212 [a]; RPAPL 311; *see also Nazarian v Pascale*, 225 AD2d 381, 383 [1st Dept 1996]). As to the trespass cause of action, the applicable statute of limitations does not commence while the trespass is continuous and ongoing (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 52 AD3d 120 [1st Dept 2008], *affd* 13 NY3d 61 [2009]; CPLR 214 [4]). Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.