■ VERIZON NEW YORK INC., Appellant, v CONSOLIDATED EDISON, INC., et al., Respondents. [8 NYS3d 139]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 6, 2014, which, to the extent appealed from as limited by the briefs, granted defendants Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc.'s (Con Ed) motion for summary judgment dismissing the complaint as barred by the applicable statute of limitations, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiff alleges that steam leaking from Con Ed's facilities damaged its underground facilities, resulting in property damage that cost over $200,000 to repair. Plaintiff commenced this action to recover damages on July 24, 2008, alleging that it became aware of the damage no earlier than July 30, 2005, which was within the applicable three-year statute of limitations (CPLR 214 [4]).

Defendants moved for summary judgment dismissing the complaint as time-barred on the basis of a $440 invoice from an outside contractor reflecting work completed in the area on July 21, 2005. They submitted the affidavit of a former employee of plaintiff, who explained that the invoice was tagged with the tracking number that plaintiff had assigned for the steam leak damage at issue in this action.

While defendants made a prima facie showing of entitlement to summary judgment based upon the invoice from the outside contractor, plaintiff raised a triable issue of fact in opposition by relying on contemporaneous documents that identified the discovery date of the property damage as August 1, 2005, and providing affidavits of employees with personal knowledge of the relevant documents. In particular, the employee charged with responsibility for collecting and assembling records in

support of the property damage claim set forth an explanation for the mistaken inclusion of the outside contractor invoice, which plaintiff claims was unrelated to the damage that forms the basis of this action. Thus, plaintiff produced evidentiary proof in admissible form sufficient to preclude the grant of summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.