■ NEAL P. Izzo et al., Respondents, v TOWN OF SMITHTOWN, Appellant. [58 NYS3d 106]—

In an action, inter alia, to recover damages for injury to real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated July 14, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, owners of commercial real property located in Kings Park, served a notice of claim dated September 30, 2002, upon the defendant, Town of Smithtown, alleging that the Town wrongfully buried leaves and lawn debris under the surface of their property. The plaintiffs commenced this action in December 2003, alleging that the continued presence of the leaves and debris, which they discovered in September 2002, interfered with their property rights.

Thereafter, in February 2013, the Town moved for summary judgment dismissing the complaint on the grounds that the action was time-barred because the alleged disposal of leaves on the plaintiffs' property took place in the 1970s and 1980s and, in any event, that the plaintiffs had sustained no compensable damages as a result of the presence of buried leaves and debris on their property.

Contrary to the Town's contention, the action is predicated upon the plaintiffs' allegations of the Town's continued interference with their right to use and possess their property due to the continued presence of the buried leaves and debris and not on allegations of continuing effects of the Town's disposal of that waste on their property in the 1970s and 1980s. The alleged acts of continuous nuisance and trespass give rise to successive causes of action pursuant to the continuous wrong doctrine (*see Capruso v Village of Kings Point*, 23 NY3d 631, 639 [2014]; *Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66 [2009]; *New York State Elec. & Gas Corp. v County of Chemung*, 137 AD3d 1550, 1555 [2016]; *Lucchesi v Perfetto*, 72 AD3d 909, 912 [2010]; *O'Connell v Graves*, 70 AD3d 1451, 1452 [2010]; *State of New York v CSRI Ltd. Partnership*, 289 AD2d

394, 395 [2001]). In addition, the Town's submissions failed to demonstrate that the action is time-barred due to the creation of an easement by prescription (*see Almeida v Wells*, 74 AD3d 1256, 1259 [2010]; *O'Connell v Graves*, 70 AD3d at 1453). Accordingly, the Town failed to meet its prima facie burden of establishing that the action is barred by the statute of limitations (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d at 66; *Lucchesi v Perfetto*, 72 AD3d at 912).

The conclusory affidavit of the Town's appraiser lacked probative value and was, therefore, insufficient to establish the Town's entitlement to summary judgment dismissing the complaint based on its contention that the plaintiffs sustained no compensable damages (*see Flushing Sav. Bank, FSB v Bitar*, 25 NY3d 307, 312 [2015]; *Property Owners Assn. of Harbor Acres v Ying*, 137 AD2d 509, 510 [1988]).

Since the Town failed to meet its initial burden of demonstrating, prima facie, that the complaint was time-barred in its entirety or a lack of compensable damages, it is unnecessary to consider the sufficiency of the plaintiffs' submissions in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.