Trec v Cazares (2020 NY Slip Op 03941)





Trec v Cazares


2020 NY Slip Op 03941


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-12657
 (Index No. 491/18)

[*1]Dorota Trec, respondent,
v
Miguel Cazares, et al., appellants.


Rivkin Radler LLP, New York, NY (Mark N. Antar and Cheryl F. Korman of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction and trespass, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 25, 2018. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss (1) the nuisance, invasion of privacy, false arrest, and harassment causes of action, (2) the wrongful eviction cause of action insofar as asserted against the defendants Miguel Cazares and AM Tire Shop Corp., and (3) the trespass cause of action insofar as asserted against the defendants Estate of Sixto Ulloa, Miguel Cazares, and AM Tire Shop Corp., and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff alleged that she was a tenant of the basement, two locked closets, and backyard of a building in Brooklyn pursuant to a written lease with the then-owner of the property, Sixto Ulloa (hereinafter Sixto), from April 1, 2013, to March 31, 2015. The plaintiff further alleged that beginning in 2014, rent was considered paid or waived by Sixto due to substantial help the plaintiff provided in maintaining the property and that, upon the expiration of the written lease, her tenancy continued on the same terms and conditions. According to the plaintiff, following Sixto's death in December 2016, the defendant Brigitte Ulloa (hereinafter Brigitte), who was Sixto's wife and became the executor of his estate (hereinafter the estate), and the defendants Miguel Cazares and AM Tire Shop Corp. (hereinafter together the tire shop defendants), who occupied the ground floor of the property operating a tire sale and repair shop, began preventing the plaintiff's safe and reasonable entry into the rented premises. The plaintiff alleged that Brigitte and the tire shop defendants stored tires and rims in the backyard, installed surveillance cameras in the backyard, falsely reported to police that the plaintiff was trespassing in the yard, and verbally harassed her, among other things. She commenced this action seeking, inter alia, to recover damages for wrongful eviction, trespass, nuisance, invasion of privacy, wrongful arrest, and harassment. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the motion, and the defendants appeal.
Contrary to the defendants' contention, the plaintiff's allegation that she performed [*2]maintenance on the building in exchange for the exclusive use and possession of the basement, yard, and two closets, and that this arrangement continued following the expiration of the lease on March 31, 2015, indicated that a month-to-month tenancy was created and was in effect for as long as she remained in possession of the premises (see Real Property Law § 232-c; Logan v Johnson, 34 AD3d 758, 759), which, according to the complaint, was until March 2017, when she allegedly was wrongfully evicted from the premises. The plaintiff's allegation that in March 2017, Brigitte changed the locks on the door of the building and refused to provide keys to the plaintiff and permitted her entry into the basement through the cellar door only in response to the plaintiff contacting the police in May 2017, suggests that Brigitte, in effect, acting as agent for the estate, resorted to self-help measures to evict the plaintiff from the premises (see RPAPL 711, 853; Moran v Orth, 36 AD3d 771). The complaint, therefore, adequately stated a cause of action alleging wrongful eviction against Brigitte and the estate (see Summer v Severance, 85 AD3d 1011). The defendants' submissions on their motion failed to show "that a material fact as claimed by the [plaintiff] to be one is not a fact at all" (Guggenheimer v Ginzburg, 43 NY2d 268, 275), since they indicated that a holdover proceeding was not commenced by the estate until October 2017. However, since the complaint makes no allegation that the tire shop defendants took any steps to dispossess the plaintiff of the property or otherwise prevented her from accessing the basement, yard, or closets, the complaint failed to state a cause of action alleging wrongful eviction against them (see Dinger v Cefola, 133 AD3d 816, 817).
The plaintiff's allegation that, following Sixto's death in December 2016, Brigitte entered the basement and yard whenever she wanted for no reason and disturbed the plaintiff's personal property in the basement sufficiently stated a cause of action alleging trespass (see generally Sunset Cafe, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707, 709; Carlson v Zimmerman, 63 AD3d 772, 773; Woodhull v Town of Riverhead, 46 AD3d 802, 804). However, the complaint failed to state a cause of action alleging trespass against the estate, as there were no allegations of such conduct against it or that Brigitte's actions were undertaken in her capacity as executor. The complaint also failed to state a cause of action alleging trespass against the tire shop defendants, since the conduct complained of by the plaintiff as to the tire shop defendants was alleged to have taken place only after she was locked out of the premises in March 2017 (see Linnane v Lanzellotto, 202 AD2d 400).
The complaint similarly failed to state a cause of action alleging nuisance, as all such conduct was alleged to have taken place after the plaintiff was locked out of the premises in March 2017 (see Sloninski v City of New York, 173 AD3d 801, 803; Wheeler v Del Duca, 151 AD3d 1005, 1006).
The complaint failed to state a cause of action alleging invasion of privacy. New York's " limited statutory right of privacy'" prohibits the use of " a living person's name, portrait or picture for advertising or trade purposes without having first obtained the written consent of such person, or if a minor of his or her parent or guardian'" (Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 119, quoting Messenger v Gruner + Jahr Print. & Publ., 94 NY2d 436, 441 [internal quotation marks omitted]; see Civil Rights Law §§ 50, 51). No such conduct relating to any commercial use of the plaintiff's name or likeness was alleged in this case (see Sondik v Kimmel, 131 AD3d 1041, 1042; Farrow v Allstate Ins. Co., 53 AD3d 563, 564).
The complaint failed to state a cause of action alleging false arrest, since the plaintiff alleged only that Cazares made false statements to the police, not any facts that could lead to the conclusion that any of the defendants " affirmatively induced the [arresting] officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his [or her] own volition'" (Williston v Jack Resnick & Sons, Inc., 177 AD3d 822, 823, quoting Williams v CVS Pharmacy, Inc., 126 AD3d 890, 892; see Lupski v County of Nassau, 32 AD3d 997, 998-999).
The Supreme Court should have granted dismissal of the harassment cause of action, since "New York does not recognize a civil cause of action to recover damages for harassment" (Pollack v Cooperman, 109 AD3d 973, 975; see Mago, LLC v Singh, 47 AD3d 772, 773).
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court