Listwon v 500 Metro. Owner, LLC (2020 NY Slip Op 06769)





Listwon v 500 Metro. Owner, LLC


2020 NY Slip Op 06769


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-07632
 (Index No. 512824/16)

[*1]Michael Listwon, respondent, 
v
500 Metropolitan Owner, LLC, et al., defendants, East Coast Drilling NY, Inc., etc., et al., appellants.


Fuchs Rosenzweig, PLLC, New York, NY (Alicia Sklan of counsel), for appellant East Coast Drilling NY, Inc.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas Hurzeler and David Pollack of counsel), for appellant RA Consultants, LLC.
Tamir Law Group, New York, NY (Geoffrey Bowser of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the defendants East Coast Drilling NY, Inc., and RA Consultants, LLC, separately appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 3, 2018. The order denied the separate motions of the defendants East Coast Drilling NY, Inc., and RA Consultants, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant East Coast Drilling NY, Inc., which was pursuant to CPLR 3211(a) to dismiss the demand for punitive damages insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendant RA Consultants, LLC.
The plaintiff owns a parcel of real property located at 492 Metropolitan Avenue in Brooklyn (hereinafter the subject property), which is improved with a three-story structure. A new structure has been under construction on the adjoining lot at 500 Metropolitan Avenue since 2012. According to the plaintiff, these construction activities caused damage to the subject property, including but not limited to numerous cracks in the walls of the structure. In July 2016, the plaintiff commenced this action against the owner of 500 Metropolitan Avenue, the general contractor, and 10 John Doe defendants. On June 5, 2017, the plaintiff filed an amended complaint adding, among others, East Coast Drilling NY, Inc. (hereinafter ECD), and RA Consultants, LLC (hereinafter RAC), as defendants.
RAC moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. ECD separately moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint insofar as asserted against it, arguing, inter alia, that the amended complaint was untimely and that the demand for punitive damages was insufficiently pleaded. In an order dated May 3, 2018, the Supreme Court denied both motions. RAC and ECD separately [*2]appeal.
"'A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired'" (Sullivan v Keyspan Corp., 155 AD3d 804, 805, quoting Benjamin v Keyspan Corp., 104 AD3d 891, 892 [internal quotation marks omitted]; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822). "The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising [a question] of fact as to whether such an exception applies, or [as to whether] the cause of action was interposed within the applicable statute of limitations" (Sullivan v Keyspan Corp., 155 AD3d at 805 [citation omitted]; see Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405). Generally, an action to recover damages for injury to real property must be commenced within three years of accrual (see CPLR 214[4]; Verizon N.Y. Inc. v Consolidated Edison, Inc., 127 AD3d 621, 621-622). A cause of action alleging property damage accrues "'when the damage [is] apparent'" (Russell v Dunbar, 40 AD3d 952, 953, quoting Alamio v Town of Rockland, 302 AD2d 842, 844).
We agree with the Supreme Court's determination to deny those branches of the motions which were to dismiss the property damage causes of action insofar as asserted against RAC and ECD as untimely. RAC and EDC established, prima facie, the untimeliness of the property damage causes of action by demonstrating that the injuries to the subject property were apparent by April or May 2013. In opposition, however, the plaintiff averred evidentiary facts sufficient to raise a question of fact as to whether ongoing construction activities at 500 Metropolitan Avenue caused new injuries to the subject property between the spring of 2013 and through the date of his opposition to the motions. He also averred evidentiary facts sufficient to raise a question of fact as to whether the property damage causes of action asserted against RAC and ECD related back to the original complaint (see Klein v Beta I LLC, 10 AD3d 509, 509-510).
We also agree with the Supreme Court's determination to deny those branches of the motions which were to dismiss the causes of action alleging continuous nuisance and trespass insofar as asserted against RAC and ECD as untimely. The alleged acts of continuous nuisance and trespass give rise to successive causes of action pursuant to the continuous wrong doctrine (see Capruso v Village of Kings Point, 23 NY3d 631, 639). RAC and ECD failed to establish, prima facie, the untimeliness of the trespass and nuisance causes of action, as they did not submit any evidence showing that the intrusions of people, vehicles, materials, soil, and other items and substances onto the subject property ceased more than three years prior to the filing of the original or amended complaints (see Izzo v Town of Smithtown, 151 AD3d 1035, 1035-1036). Since RAC and EDC failed to meet their prima facie burden of demonstrating that the trespass and nuisance causes of action were time-barred, it is unnecessary to consider the sufficiency of the plaintiff's submissions in opposition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
That branch of EDC's motion which was to dismiss the demand for punitive damages insofar as asserted against it should have been granted, as the plaintiff did not oppose that branch of the motion (see Litvinoff v Wright, 150 AD3d 714, 714).
We have not considered matter dehors the record referred to in RAC's brief (see Aronov v Shimonov, 105 AD3d 787, 789).
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court