Kramer v Kleiber (2024 NY Slip Op 01387)

Kramer v Kleiber

2024 NY Slip Op 01387

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

34 CA 23-00611

[*1]ROBERT W. KRAMER, PLAINTIFF-APPELLANT,
v
JAMES N. KLEIBER AND KATHLEEN J. KLEIBER, DEFENDANTS-RESPONDENTS. 

HUFFMAN LAW FIRM, P.C., AUBURN (JUSTIN T. HUFFMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CARL J. DEPALMA, AUBURN, FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered October 5, 2022. The order, insofar as appealed from, granted that part of defendants' motion seeking to dismiss the trespass claim. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of defendants' motion seeking to dismiss the trespass claim is denied, and that claim is reinstated.
Memorandum: Plaintiff commenced this action to quiet title pursuant to RPAPL article 15 and sought equitable relief or, alternatively, monetary damages based on his allegations that defendants trespassed and improperly installed plumbing that encroached on his property when they connected the plumbing from their garage to a septic system on his property in 2014. Defendants moved, inter alia, to dismiss any claims of plaintiff for trespass on the ground that they are time-barred. Plaintiff appeals from the order insofar as it granted the motion to that extent, and we now reverse the order insofar as appealed from.
Contrary to defendants' contention, plaintiff's claim for trespass seeking monetary damages should not be analyzed for statute of limitations purposes in the same way as a claim for the artificial diversion of water onto an adjoining property (see generally Alamio v Town of Rockland, 302 AD2d 842, 842, 844 [3d Dept 2003]), inasmuch as plaintiff's trespass claim is based upon a permanent physical encroachment, i.e., the underground plumbing that defendants installed on plaintiff's property. "[The] encroaching structure is a continuing trespass [that] gives rise to successive causes of action, except where barred by acquisition of title or an easement by operation of law" (509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48, 52 [1964]). " 'Thus, for purposes of the statute of limitations, suits will only be time-barred by the expiration of such time as would create an easement by prescription or change of title by operation of law,' [namely], by adverse possession" (O'Connell v Graves, 70 AD3d 1451, 1452 [4th Dept 2010]). Inasmuch as the complaint, which was filed on July 23, 2021, alleges that defendants' "plumbing material" was unlawfully installed on plaintiff's property in 2014, plaintiff's claim for damages here is not barred by the statute of limitations (see RPAPL 501 [2]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court