Lewis v Steiner (2025 NY Slip Op 06699)

Lewis v Steiner

2025 NY Slip Op 06699

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-06886
 (Index No. 13540/15)

[*1]Gloria Lewis, plaintiff-respondent, 
v
Andreas Steiner, appellant, Construction Classic Corp., et al., defendants-respondents, et al., defendants (and a third-party action).

Gallo Vitucci Klar LLP, New York, NY (Sean R. Hutchinson of counsel), for appellant.
Bartlett LLP, Central Islip, NY (Matthew J. Minero and Londyn Zografakis of counsel), for defendants-respondents.
Muchmore & Associates PLLC, Brooklyn, NY (Marwan F. Sehwail and Brandon Maxwell of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the defendant Andreas Steiner appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated August 2, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him and granted that branch of the motion of the defendants Construction Classic Corp. and Larry Nass which was for summary judgment dismissing the cross-claims asserted by the defendant Andreas Steiner against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff resides at an apartment building located in Brooklyn that adjoins certain real property (hereinafter the Steiner property) owned by an entity of which the defendant Andreas Steiner is the sole member. In November 2011, Steiner contracted with the defendant Three G Group, LLC, doing business as Blueline Contractors, Inc. (hereinafter Blueline), to perform certain renovations on the Steiner property. In January 2012, the defendants Construction Classic Corp. and Larry Nass (hereinafter together the CCC defendants) obtained a permit from the Department of Buildings in connection with this renovation work. In May 2012, Steiner replaced Blueline and the CCC defendants with another contractor.
In November 2015, the plaintiff commenced this action against Steiner and the CCC defendants, inter alia, to recover damages for trespass allegedly committed during the renovation work. Steiner interposed an answer, among other things, asserting cross-claims against the CCC defendants. Thereafter, the plaintiff filed a second amended complaint alleging, inter alia, that the [*2]trespass began in January 2013 and included certain encroachments on her property. Following the completion of discovery, Steiner moved, among other things, for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him as time-barred. The CCC defendants moved, inter alia, for summary judgment dismissing the cross-claims asserted by Steiner against them. In an order dated August 2, 2022, the Supreme Court, among other things, denied that branch of Steiner's motion and granted that branch of the CCC defendants' motion. Steiner appeals.
The Supreme Court properly denied that branch of Steiner's motion which was for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him as time-barred. "Generally, an action to recover damages for injury to real property must be commenced within three years of accrual" (Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029-1030; see CPLR 214[4]). However, "a trespass that constitutes an unlawful encroachment on a plaintiff's property will be considered a continuous trespass giving rise to successive causes of action" (Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66; see Board of Mgrs. of Oceanview Condominium v Riccardi, 229 AD3d 595, 597).
Here, Steiner failed to eliminate triable issues of fact as to whether the alleged encroachments and intrusions ceased more than three years prior to the filing of the second amended complaint (see Listwon v 500 Metro. Owner, LLC, 188 AD3d at 1030; Izzo v Town of Smithtown, 151 AD3d 1035, 1035-1036). Since Steiner failed to meet his prima facie burden of demonstrating that the trespass cause of action insofar as asserted against him was time-barred, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly granted that branch of the CCC defendants' motion which was for summary judgment dismissing the cross-claims asserted by Steiner against them. The second amended complaint alleged that the trespass began in January 2013. The CCC defendants established, prima facie, that they had stopped working on the Steiner property in or around May 2012 and, thus, were not responsible for the plaintiff's alleged damages (see generally Heras v P.S. 71 Assoc., 286 AD2d 318, 319). In opposition, Steiner failed to raise a triable issue of fact.
Steiner's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court