Ogundiran v Spira
2026 NY Slip Op 03451
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Aderibigbe Ogundiran, appellant,
v
Moeshe Spira, et al., defendants, MTGLQ Investors, L.P., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-01773, (Index No. 214/24)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Barry E. Warhit
Susan Quirk, JJ.

Aderibigbe Ogundiran, Brooklyn, NY, appellant pro se.
Knuckles & Manfro, LLP, Tarrytown, NY (John E. Brigandi of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for retaliation pursuant to Real Property Law § 223-b, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated September 11, 2024. The order granted the motion of the defendant MTGLQ Investors, L.P., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On March 1, 2024, the plaintiff commenced this action against, among others, the defendant MTGLQ Investors, L.P. (hereinafter MTGLQ), a former owner of certain real property located in Brooklyn in which the plaintiff is a residential tenant (hereinafter the property), to recover damages in connection with alleged unlawful acts undertaken by MTGLQ at the property in August 2019. The complaint asserted causes of action alleging retaliation pursuant to Real Property Law § 223-b, invasion of privacy, damage to property, nuisance, and intentional infliction of emotional distress. MTGLQ moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff opposed. In an order dated September 11, 2024, the Supreme Court granted MTGLQ's motion. The plaintiff appeals.
"'On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must accept the facts as alleged in a complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Trepeta v Mobiquity Tech., Inc., 241 AD3d 967, 968 [internal quotation marks omitted], quoting Reaves v New York City Dept. of Educ., 218 AD3d 697, 698). "Where 'the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery,' dismissal of the cause of action is warranted" (Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886, 888 [internal quotation marks omitted], quoting Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960).
Here, the complaint failed to state a cause of action against MTGLQ for retaliation pursuant to Real Property Law § 223-b. The complaint did not allege that MTGLQ took any retaliatory action against the plaintiff of the type contemplated by the statute, or that such action was [*2]undertaken in response to conduct by the plaintiff of the type protected by the statute (see id.; 13 E. 124 LLC v Taylor, 236 AD3d 562, 563-564). To the extent that the plaintiff intended for this cause of action, in effect, to be one for harassment, "New York does not recognize a common-law cause of action alleging 'harassment'" (Scialdone v Derosa, 148 AD3d 741, 743).
The complaint also failed to state a cause of action against MTGLQ for invasion of privacy. "'New York State does not recognize the common-law tort of invasion of privacy except to the extent it comes within Civil Rights Law §§ 50 and 51'" (Fernandez v Fernandez, 216 AD3d 743, 745, quoting Farrow v Allstate Ins. Co., 53 AD3d 563, 563-564). Those statutes "prohibit[ ] the use of 'a living person's name, portrait, or picture for advertising or trade purposes without having first obtained the written consent of such person'" (Trec v Cazares, 185 AD3d 866, 868 [internal quotation marks omitted], quoting Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 119). Here, the complaint contains no allegations that MTGLQ engaged in conduct relating to any commercial use of the plaintiff's name or likeness (see Trec v Cazares, 185 AD3d at 868).
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired'" (Kravets v Striano, 229 AD3d 613, 613, quoting HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). If the moving defendant satisfies this burden, "'[t]he burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period'" (St. Hillaire v Torres, 229 AD3d 476, 477, quoting Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941).
A cause of action alleging damage to property is governed by a three-year statute of limitations (see CPLR 214[4]; Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1030; Russell v Dunbar, 40 AD3d 952, 953). Likewise, a cause of action alleging private nuisance is governed by a three-year statute of limitations (see CPLR 214[4]; TJO, Inc. v Keyspan Corp., 176 AD3d 1000, 1003). A cause of action alleging intentional infliction of emotional distress is governed by a one-year statute of limitations (see Barbetta v Facchini, 236 AD3d 623, 625).
Here, MTGLQ demonstrated, prima facie, that the causes of action alleging damage to property, nuisance, and intentional infliction of emotional distress insofar as asserted against it were untimely. MTGLQ demonstrated that these causes of action accrued on August 16, 2019, and that this action was not commenced until March 1, 2024, more than four years later (see CPLR 214[4]; Barbetta v Facchini, 236 AD3d at 625; Listwon v 500 Metro. Owner, LLC, 188 AD3d at 1030). In opposition, the plaintiff failed to raise a question of fact (see St. Hillaire v Torres, 229 AD3d at 477). Contrary to the plaintiff's contention, he failed to allege facts to show that either the continuing violation doctrine or the discovery rule applied to toll the limitations period for these causes of action (see e.g. Peckham v Island Park Union Free Sch. Dist., 167 AD3d 641, 642).
Accordingly, the Supreme Court properly granted MTGLQ's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court