Crossbay Assoc., LLC v Singh
2026 NY Slip Op 03941
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Crossbay Associates, LLC, appellant,
v
Inderpal Singh, et al., defendants-respondents; Rizwan Abdus Salam P.E. Consulting Engineer, P.C., et al., nonparty-respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-04164, (Index No. 704260/20)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Barry E. Warhit
Susan Quirk, JJ.

A.Y. Strauss, LLC, New York, NY (Ross A. Fox of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Shawn Schatzle and Nicholas Hurzeler of counsel), for nonparty-respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), dated January 3, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Rizwan Abdus Salam P.E. Consulting Engineer, P.C., and Rizwan Abdus Salam as defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Rizwan Abdus Salam P.E. Consulting Engineer, P.C., and Rizwan Abdus Salam as defendants with respect to the causes of action sounding in negligence and gross negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for injury to real property against the defendants Inderpal Singh (hereinafter Inderpal), Sarbjit Singh, Mike Singh, and Tejinder Singh (hereinafter collectively the Singh defendants), the owners of the property adjacent to the plaintiff's property, and the defendant AT-SAF, Inc. (hereinafter AT-SAF), a general contractor allegedly owned by the Singh defendants and the defendant Sikander Singh (hereinafter Sikander). The amended complaint alleged, among other things, that, in November 2018, the "[d]efendants, or a contractor retained by them or on their behalf" performed excavation work on the Singh defendants' property, "without any support of excavation, such as a shoring wall," causing a portion of the building on the plaintiff's property to collapse. The amended complaint asserted causes of action sounding in negligence and gross negligence.
In November 2022, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Rizwan Abdus Salam P.E. Consulting Engineer, P.C., and Rizwan Abdus Salam (hereinafter together the proposed defendants) as defendants, and to assert a new cause of action sounding in strict liability against Inderpal, Sikander, AT-SAF, and the proposed defendants. The proposed defendants were alleged to have been retained by "the individual Singh defendants and/or AT-SAF . . . to provide support of excavation and foundation engineering services for [the] construction project." In an order dated January 3, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to assert a cause of action sounding in strict [*2]liability against Inderpal, Sikander, and AT-SAF. However, the court denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add the proposed defendants as defendants. The plaintiff appeals.
Since the plaintiff sought leave to amend the amended complaint to add the proposed defendants as defendants after the expiration of the statute of limitations, the plaintiff was required to demonstrate the applicability of the relation-back doctrine (see Buran v Coupal, 87 NY2d 173, 177-178). "The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 35; see Buran v Coupal, 87 NY2d at 178). "Parties are united in interest if their interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800 [internal quotation marks omitted]; see Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026). "If the relationship between the parties is such that one may have a defense not available to the other, they are not united in interest" (Desiderio v Rubin, 234 AD2d 581, 583 [internal quotation marks omitted]; see Ragusa v Drazie's Farm II, LLC, 226 AD3d 836, 837-838). However, "[w]here one party is vicariously liable for the acts or omissions of another, their available defenses will be the same and the parties' interests will be united" (Bisono v Mist Enters., Inc., 231 AD3d 134, 142; see Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800).
Here, the plaintiff satisfied the three-part test for the applicability of the relation-back doctrine with respect to the causes of action sounding in negligence and gross negligence. Initially, the proposed defendants do not dispute that the first prong of the relation-back test was satisfied.
Contrary to the proposed defendants' contention, the plaintiff satisfied the second prong of the relation-back test with respect to the causes of action sounding in negligence and gross negligence, as the plaintiff established that the proposed defendants and the original defendants were united in interest as to those causes of action. "As a general rule, 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts'" (Mery v Eginger, 149 AD3d 827, 828, affd 31 NY3d 1068, quoting Kleeman v Rheingold, 81 NY2d 270, 273). However, this general rule is subject to various exceptions, including where the work performed is inherently dangerous (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258; Kleeman v Rheingold, 81 NY2d at 274). In this case, the amended complaint and the proposed second amended complaint alleged sufficient facts demonstrating that the work being performed was inherently dangerous and, thus, the original defendants could be held vicariously liable for the negligent acts or omissions of the proposed defendants (see Klein v Beta I LLC, 10 AD3d 509, 510; see also Hixon v Congregation Beit Yaakov, 57 AD3d 328, 328). Further, the plaintiff satisfied the third prong of the relation-back test, as the plaintiff demonstrated that the proposed defendants knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against them as well (see Marrone v Miloscio, 145 AD3d 996, 999-1000). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add the proposed defendants as defendants with respect to the causes of action sounding in negligence and gross negligence (see generally Brunero v City of N.Y. Dept. of Parks & Recreation, 121 AD3d 624, 625).
However, the plaintiff failed to satisfy the requirements of the relation-back doctrine with respect the cause of action sounding in strict liability. That cause of action was premised upon, inter alia, a violation of New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3309.4, which imposes strict or absolute liability "upon the 'person who causes' an excavation to be made" (American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905, quoting 492 Kings Realty, LLC v 506 King, LLC, 105 AD3d 991, 995; see Reiss v Professional Grade Constr. Group, Inc., 172 AD3d 1121, 1123, abrogated on other grounds by 211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69). Here, the proposed defendants were neither the owners of the adjacent property nor the contractor who actually performed the excavation work and, therefore, they had different defenses to the cause of action sounding in strict liability than the original [*3]defendants (see Reiss v Professional Grade Constr. Group, Inc., 172 AD3d at 1123; 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540, 541). Thus, the plaintiff failed to establish that the proposed defendants were united in interest with the original defendants with respect to the cause of action sounding in strict liability. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add the proposed defendants as defendants with respect to the cause of action sounding in strict liability.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court